UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SINDY M. WHITMIRE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 10-cv-5895-BHS-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S EAJA MOTION FOR ATTORNEY'S FEES AND EXPENSES<br><br>Noting Date: August 10, 2012 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter is before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and has been fully briefed (*see* ECF Nos. 24, 25, 26).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S EAJA MOTION FOR ATTORNEY'S
FEES AND EXPENSES - 1

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that 30.8 hours drafting the documentary evidence and the Opening Brief is unreasonable and because plaintiff's lack of compliance with local rules resulted in an over-length brief and hours that are excessive, redundant, or otherwise unnecessary for resolution of this matter.

However, the Court concludes that plaintiff's EAJA fee petition represents hours reasonably incurred in this matter.

Therefore, the Court recommends that plaintiff's motion for attorney's fees and expenses be granted with the following modification: the time spent preparing the Appendix and Opening Brief should be reduced by four hours. Plaintiff's EAJA Motion for Attorney's Fees and Expenses should be granted in the amount of $7,425.87, representing $7,397.65 for attorney's fees and $28.22 for expenses.

## BACKGROUND

This case arises from the denial of plaintiff's application for Social Security disability benefits (*see* Complaint, ECF Nos. 1, 4; *see also* Report and Recommendation ("R&R" on Plaintiff's Complaint, ECF No. 20, p. 3); *Whitmire v. Astrue*, 2012 U.S. Dist. LEXIS 24272 at *3-*4 (W.D.Wash. 2012) (unpublished opinion), *adopted by* 2012 U.S. Dist. LEXIS 24275 (W.D.Wash. 2012) (ECF No. 21). The district court reversed the ALJ's written decision and remanded this matter to the Commissioner for further proceedings due to the ALJ's improper review of plaintiff's mental and physical

limitations as opined by medical sources. *See Whitmire, supra*, 2012 U.S. Dist. LEXIS 24272 at *1, *7-*17.

Plaintiff now requests an award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for expenses in the amount of $28.22 and attorney's fees in the amount of $8,120.01, representing a total of 45 hours of attorney time (Plaintiff's EAJA Motion for Attorney's Fees, ECF No. 24; *see also* Time and Expense Sheet, ECF No. 24, Attachment 3, pp. 1-2).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by

REPORT AND RECOMMENDATION ON
PLAINTIFF'S EAJA MOTION FOR ATTORNEY'S
FEES AND EXPENSES - 3

the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* R&R on Plaintiff's Complaint, ECF No. 20; Order Adopting R&R on Plaintiff's Complaint, ECF No. 21). *See Whitmire*, *supra*, 2012 U.S. Dist. LEXIS 24272 at *1, *28; *see also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (*citing Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 25, p. 2 ("The Commissioner does not contest that Plaintiff is entitled to EAJA fees")).

The Court agrees with defendant's implicit concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence as well as the lay evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially

justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011) (unpublished opinion), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate," and are considered implicitly herein.[1] *See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra*, 488 F.2d at 717-19, and *Kerr, supra*, 526 F.2d at 69-70") (unpublished opinion); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (unpublished opinion) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist.

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v. Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi. 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting reliance on factor six of contingent nature of the fee).

LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

Subsequent to determining "the hours reasonably expended on the litigation," *see Hensley, supra*, 461 U.S. at 435, the Court will consider any relevant *Johnson* factors "that have not been subsumed within the lodestar calculation" and determine whether or not the resultant fee should be adjusted upwards or downwards. *See Stevens*, *supra*, 2008 U.S. Dist. LEXIS 17119 at *41.

As defendant does not object to plaintiff's request for reimbursement for expenses and does not object to plaintiff's requested hourly rate for her attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (*see* ECF No. 25, pp. 2-4). *See also Hensley, supra*, 461 U.S. at 433.

Defendant contends that plaintiff's twenty-one page appendix, filed along with plaintiff's nineteen-page Opening Brief, violated this Court's scheduling Order, as well as Local Rule 7(e)(3) (*see id.* at pp. 2-3). Defendant also contends that plaintiff also violated Local Rule 10(e) by formatting the Opening Brief and Appendix in less than double-spaced format, resulting in "even more briefing than the page numbers indicate" (*see id.* at p. 3). Plaintiff essentially admits these facts and the Court finds that defendant's contentions have merit (*see* Reply in support of EAJA Motion, ECF No. 26, p. 2).

Plaintiff should not be rewarded with fees when at least some of those fees were generated while violating court rules. Defendant argues that the hours reasonably

expended include all of plaintiff's requested hours with the exception of the time spent drafting the appendix and 10% of the hours incurred preparing the Opening Brief (*see* Response, ECF No. 25, p. 4). Defendant argues that the situation here is analogous to a case in which an over-length appendix was filed without permission in violation of Local Rules and the court reduced the requested fees by twenty percent. *See McCune v. Astrue*, 2011 U.S. Dist. LEXIS 92979 at *1-*2, -*17 (W.D. Wash. 2011) (unpublished opinion), *adopted by* 2011 U.S. Dist. LEXIS 92979 (W.D. Wash. 2011).

Plaintiff concedes that "it is appropriate, through billing judgment, to reduce the amount of billable time for preparation of that brief" (*see* Reply in support of EAJA Motion, ECF No. 26, p. 2). However, plaintiff contends that this matter is distinguishable from *McCune, supra*, as the amount requested here approximates the amount awarded in *McCune* after a twenty percent reduction was calculated. *See McCune, supra*, 2011 U.S. Dist. LEXIS 92979 at *1-*2, -*17. In this context, the Court also notes that even if a court grants a motion to strike an appendix, "such a finding does not preclude recovery for the fees representing hours incurred in the preparation of the appendix." *See Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *2, *12-*13 (W.D. Wash. 2012) (unpublished opinion), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). In this matter, as in *Goodwin*, *id.*, plaintiff argues that the evidence summary was "an essential first step in the preparation of [plaintiff]'s opening briefs" and that her attorney would not have been able to prepare briefs in this matter efficiently and effectively without it (*see* Reply, ECF No. 26, p. 3).

1    Plaintiff also notes that plaintiff's "transcript was 873 pages long, and it includes
2 many, many pages detailing many years of medical treatment" (*id.*). Plaintiff indicated
3 additionally that plaintiff was represented by a different law firm at her administrative
4 hearing than before the district court, unlike the plaintiff in *McCune* (*id.*). However, in
5 recognition that "the Appendix essentially made [plaintiff]'s brief an over-length brief,
6 [plaintiff's counsel] will exercise billing judgment for 4.0 hours of the time expended
7 preparing the Appendix" (*id.*). Plaintiff also indicated that she "will not be requesting
8 additional EAJA fees for the 1.6 hours expended drafting this reply brief and
9 Declaration" (*id.* at p. 4).
10
11   In light of these facts, based on the relevant record and for the reasons discussed
12 further below, the Court concludes that plaintiff's revised request for attorney's fees
13 represents hours reasonably expended on this matter, when the Court takes into
14 consideration the reduction of four hours for the preparation of the Appendix and
15 plaintiff's representation that she will not request fees representing time incurred in the
16 preparation of the EAJA Reply brief. *See Hensely*, *supra*, 461 U.S. at 433.
17
18   The Court notes that the transcript regarding this matter was not short (*see* ECF
19 No. 10). In addition, a review of the ALJ's findings required a somewhat detailed
20 investigation of the extensive medical evidence, rendering this matter similar in
21 complexity to *Goodwin, supra*, 2012 U.S. Dist. LEXIS 97651 at *16-*17. Although the
22 Report and Recommendation ("R&R") on the merits by this Court was not exceptionally
23 long, the length of the R&R does not reflect adequately the complexity of the analysis
24

and the detailed understanding of the record that was required for a proper discussion of the case. *See Whitmire*, *supra*, 2012 U.S. Dist. LEXIS 24272 at *7-*24.

The Court also notes that, as indicated, plaintiff has agreed to reduce the number of hours for which fees are requested by 4.0 hours and will decline to request fees for time incurred defending her EAJA fee petition. With this reduction, the number of attorney hours for which an award is requested at 41.0 hours is almost identical to the 41.4 hours that this Court has found to be reasonable in a case of similar complexity. *See Goodwin, supra*, 2012 U.S. Dist. LEXIS 97651 at *16-*17.

For the reasons discussed and based on the relevant record, including plaintiff's Time and Expense Sheet, the Court concludes that plaintiff has demonstrated that 41 hours total were incurred reasonably in this matter. *See Hensley*, *supra*, 461 U.S. at 433. The Court also concludes that the government has not carried the burden to rebut the reasonableness of the hours charged. *See Gates*, *supra*, 987 F.2d at 1397-98.

Finally, the Court finds that this amount based on 41 hours of attorney time does not require any adjustment based on any relevant *Johnson* factors "that have not been subsumed within the lodestar calculation," *see supra*, n.1. *See Stevens*, *supra*, 2008 U.S. Dist. LEXIS 17119 at *41; *see also Hensley, supra*, 461 U.S. at 434 n.9. For an explicit discussion of the *Johnson* factors as applied in a similar case brought by the same plaintiff's attorney, the reader is directed to *Goodwin*, in which this Court applied the *Johnson* factors explicitly. *See Goodwin*, *supra*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20.

CONCLUSION

The hours requested by plaintiff were incurred reasonably, once the four hour deduction in time spent preparing the Appendix is considered. Therefore, plaintiff's EAJA Motion for Attorney's Fees and Expenses should be granted, with a deduction of 4.0 hours from the number of 2011 hours incurred (a reduction of $722.36 (4.0 x $180.59) from the $8120.01 originally requested), in the final amount of $7,425.87, representing $7,397.65 for attorney's fees and $28.22 for expenses.

This EAJA award, totaling $7,425.87, is subject to any offset allowed pursuant to the Treasury Offset Program, consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526-27 (2010). If this EAJA award is not subject to any offset, the check for the EAJA award may be made payable to plaintiff's attorney, (Eitan Kassel Yanich, Esq., PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA, 98501), due to plaintiff's assignment of the attorney's fees award to her attorney (*see* Plaintiff's Declaration Regarding Net Worth and Payment of EAJA Fees, ECF No. 23).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

//

//

//

//

1  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2  matter for consideration on August 10, 2012, as noted in the caption.

3  Dated this 18th day of July, 2012.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S EAJA MOTION FOR ATTORNEY'S
FEES AND EXPENSES - 12